**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| SOLOMON MARTIN RUIZ,<br><br>          Petitioner,<br><br>  v.<br><br>WARDEN JOHNSON,<br><br>          Respondent. | Case No. EDCV 20-2494-CJC (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses the argument raised in Petitioner's Objections below.

Petitioner argues that the Magistrate Judge erred by neglecting to consider his contention that the state court violated due process by declining to resentence him in accordance with

California Penal Code § 1170.1(a), a mandatory provision governing the calculation of consecutive sentences which would have resulted in a lesser sentence for Petitioner. (See Objections at 1-5). However, this argument was improperly raised for the first time in Petitioner's Traverse – not in his Petition or, indeed, even in his state court appeals. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived.") (citing Burlington N. & Santa Fe Ry. Co. v. Vaughn, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007)); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). The Petition, as with Petitioner's state court appeals, instead argued simply that the court had failed to properly grasp the scope of its discretion to resentence him pursuant to California Penal Code § 1170(d). (See Petition at 5, Exhs. 1-2).

Regardless, Petitioner's late argument is meritless. He contends, in effect, that because the calculation of his 2013 sentence did not comply with California Penal Code § 1170.1(a), the trial court was required to resentence him pursuant to his request in 2019. (See Traverse at 4-10; Objections at 3-4). However, Petitioner did not have a *right* to resentencing in 2019, based on section 1170.1(a) or any other provision. Rather, the state trial court had discretion to reconsider Petitioner's sentence, pursuant to California Penal Code § 1170(d), and it declined to do so, based on reasonable grounds. Among other things, the court appropriately assumed that the calculation of

Petitioner's sentence had been factored into his negotiated plea agreement. (<u>See</u> Reporter's Transcript at 32). The California Court of Appeal, in its reasoned opinion affirming that decision, similarly noted that resentencing was appropriately denied even with respect to the alleged sentencing errors because Petitioner had implicitly waived the application of certain sentence-calculation rules by choosing to accept the plea agreement. (Lodgment No. 1 at 5-6).

These state court decisions were reasonable and certainly did not violate Petitioner's constitutional right to due process, nor any other clearly established federal law. In sum, Petitioner's Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that Judgment shall be entered denying the Petition and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 4, 2021.

									_____
									CORMAC J. CARNEY
									UNITED STATES DISTRICT JUDGE